# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

THOMAS MORALES,

    Petitioner,

vs.

D. W. NEVEN, et al.,

    Respondents.

Case No. 2:15-cv-00185-GMN-CWH

**ORDER**

    Petitioner has paid the filing fee. Before the court are the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and a motion for appointment of counsel (#2). Although the action appears to be untimely for the reasons described below, given the issues that petitioner presents and the severity of his sentence, the court will ask the Federal Public Defender to represent petitioner.

    On June 15, 2009, the state district court entered a judgment of conviction for first-degree murder with the use of a deadly weapon. Petitioner appealed, and the Nevada Supreme Court affirmed on July 15, 2010. The judgment of conviction became final with expiration of the time to petition the Supreme Court of the United States for a writ of certiorari on October 13, 2010. Petitioner had nothing pending in state court in the following year, and the one-year period of limitation of 28 U.S.C. § 2244(d)(1)(A) appeared to expire at the end of October 13, 2011. Petitioner filed a post-conviction state habeas corpus petition on April 25, 2014, but that petitioner was not eligible to toll the federal period of limitations for two reasons. First, the one-year period already had expired, and there was no time left to toll. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003). Second, the state district court and the Nevada Supreme Court both determined that the state petition was untimely pursuant to Nev. Rev. Stat. § 34.726(1). An untimely state petition is not properly filed and thus ineligible to toll the federal one-year period. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005).

    **IT IS THEREFORE ORDERED** that the clerk of the court file the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel (#2) is **GRANTED**. The Federal Public Defender is provisionally appointed to represent petitioner.

**IT IS FURTHER ORDERED** that the Federal Public Defender shall have thirty (30) days from the date that this order is entered to undertake direct representation of petitioner or to indicate to the court his inability to represent petitioner in these proceedings. If the Federal Public Defender does undertake representation of petitioner, he shall then have sixty (60) days to file an amended petition for a writ of habeas corpus. If the Federal Public Defender is unable to represent petitioner, then the court shall appoint alternate counsel.

**IT IS FURTHER ORDERED** that neither the foregoing deadline nor any extension thereof signifies or will signify any implied finding of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely asserting claims.

**IT IS FURTHER ORDERED** that the clerk shall add Adam Paul Laxalt, Attorney General for the State of Nevada, as counsel for respondents.

**IT IS FURTHER ORDERED** that the clerk shall electronically serve both the Attorney General of the State of Nevada and the Federal Public Defender a copy of the petition and a copy of this order.

**IT IS FURTHER ORDERED** that respondents' counsel shall enter a notice of appearance within twenty (20) days of entry of this order, but no further response shall be required from respondents until further order of the court.

**IT IS FURTHER ORDERED** that any exhibits filed by the parties shall be filed with a separate index of exhibits identifying the exhibits by number or letter. The CM/ECF attachments that are filed further shall be identified by the number or numbers (or letter or letters) of the exhibits in the attachment. The hard copy of any additional state court record exhibits shall be forwarded—for this case—to the staff attorneys in Las Vegas.

**DATED** this 15th day of June, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Court