# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

THOMAS MORALES,

    Petitioner,

vs.

D. W. NEVEN, et al.,

    Respondents.

Case No. 2:15-cv-00185-GMN-CWH

**ORDER**

Before the court are the first amended petition for writ of habeas corpus (ECF No. 14), respondents' motion to dismiss (ECF No. 20), petitioner's opposition (ECF No. 33), and respondents' reply (ECF No. 37). The court finds that this action is untimely and that petitioner is not entitled to equitable tolling. The court grants the motion in part.

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). If the judgment is appealed, then it becomes final when the Supreme Court of the United States denies a petition for a writ of certiorari or when the time to petition for a writ of certiorari expires. Jimenez v. Quarterman, 555 U.S. 113, 119-20 (2009). See also Sup. Ct. R.

13(1). Any time spent pursuing a properly filed application for state post-conviction review or other collateral review does not count toward this one-year limitation period. 28 U.S.C. § 2244(d)(2). An untimely state post-conviction petition is not "properly filed" and does not toll the period of limitation. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005).

Section 2244(d) is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 645 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 649 (quoting Pace, 544 U.S. at 418).

On June 15, 2009, the state district court entered a judgment of conviction against petitioner for first-degree murder with the use of a deadly weapon. Ex. 70 (ECF No. 23-19). Petitioner appealed. The Nevada Supreme Court affirmed on July 15, 2010. Ex. 89 (ECF No. 24-13). The judgment of conviction became final with the expiration of time to petition for a writ of certiorari on October 13, 2010.

On April 25, 2014, petitioner filed a post-conviction habeas corpus petition in the state district court. Ex. 92 (ECF No. 24-16). The state district court ruled that the petition was untimely under Nev. Rev. Stat. § 34.726(1). Ex. 106 (ECF No. 25-5). Petitioner appealed. The Nevada Supreme Court affirmed, agreeing that the petition was untimely. Ex. 114 (ECF No. 25-13). Remittitur issued on January 6, 2015. Ex. 115 (ECF No. 25-14).

Petitioner then turned to federal court. The parties disagree over when petitioner mailed his original, proper-person petition to this court. Petitioner did not state in the available space of the petition form when he mailed the petition. The court received the petition on February 3, 2015. Petitioner dated the petition January 9, 2015. However, a statement of his inmate account, which he attached to his petition, is dated January 16, 2015. Petitioner could not have mailed the petition to the court before that date. For the purposes of this order, the court will assume that petitioner mailed the original petition to the court on January 16, 2015. If the actual date of mailing later becomes relevant, the parties might need to determine whether the prison had a mail log and when petitioner delivered the petition for mailing.

The court appointed counsel, who filed the first amended petition (ECF No. 14) on January 25, 2016.

As a statutory matter, this action is untimely. The judgment of conviction became final on October 13, 2010. Petitioner filed nothing in state court over the following year. The one-year period of § 2244(d)(1) expired on October 13, 2011. Petitioner's state habeas corpus petition did not toll the one-year period for two reasons. First, the one-year period already had expired, and no time was left to toll. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003). Second, the state habeas corpus petition was untimely under state law and thus ineligible for tolling under § 2244(d)(2). Pace, 544 U.S. at 417. Equitable tolling is necessary for the court to consider the first amended petition.

Petitioner presents two arguments for equitable tolling. Each argument by itself is insufficient to make the action timely. The court would need to accept both arguments to not dismiss the action as untimely.

First, petitioner argues that direct-appeal counsel did not send him a copy of the Nevada Supreme Court's decision on direct appeal, but that direct-appeal counsel sent him a copy of that court's remittitur without explanation of what a remittitur is. Petitioner further argues that direct-appeal counsel told him at the start of the direct appeal that the process could take years—it actually took about one year—and thus he did not think to ask inquire about the status of his appeal until years later. Petitioner states that he learned on May 13, 2013, or May 15, 2013, that his direct appeal had concluded. Petitioner argues that the one-year period should be equitably tolled until that time. Second, petitioner argues that the time spent on the state habeas corpus petition should be equitably tolled because, without direct-appeal counsel's failure to inform him of the conclusion of the direct appeal, he would have timely filed his state habeas corpus petition. The court is not persuaded.

Petitioner's first argument is questionable. Equitable tolling requires both an outside extraordinary circumstance that prevented petitioner from filing a timely petition and diligence. Holland, 560 U.S. at 649. Petitioner's argument based upon direct-appeal counsel's failure to inform him of the Nevada Supreme Court's decision does not show a circumstance that prevented

petitioner from filing either a federal habeas corpus petition or a state habeas corpus petition that would have tolled the federal statute of limitation. Sometimes, a person will file a state habeas corpus petition while the direct appeal is pending. The issues likely would not overlap, because Nev. Rev. Stat. § 34.810 prohibits a person from raising issues in a post-conviction petition that he could have raised on direct appeal. In petitioner's case, simultaneous proceedings actually would not have existed, because the Nevada Supreme Court had decided his direct appeal.

Furthermore, petitioner's diligence was doubtful. For this order, the court assumes that direct-appeal counsel actually did not send petitioner a copy of the Nevada Supreme Court's decision. Direct appeal counsel sent petitioner both the remittitur (ECF No. 24-14), issued on August 10, 2010, and a cover letter (ECF No. 24-15), dated August 24, 2010. A person untrained in Nevada law who received the remittitur might reasonably wonder what this document was. However, the cover letter stated:

> Enclosed, please find copies of the Supreme Court Remittiturs with regard to the above-captioned matters. As always, <u>should you have any questions and/or concerns, please do not hesitate to contact my office</u>.

Ex. 91 (ECF No. 24-15) (emphasis added). Petitioner did more than hesitate. He consulted Black's Law Dictionary. Years later, he commented about the supposed delay to another prisoner, who then told him that the remittitur meant that the appeal had ended. But he never asked the obvious person, his direct-appeal counsel, the obvious question, "What does a 'remittitur' mean?" Petitioner possibly can spend the rest of his life in prison. If diligence is to mean anything, it would mean that he needed to contact his attorney when he received an unfamiliar document.

A decision on petitioner's first argument for equitable tolling likely would require factual development. In particular, the court would want to know whether direct-appeal counsel actually did send petitioner a copy of the Nevada Supreme Court's decision on direct appeal, whether prison mail logs, if they exist, show that petitioner received mail from direct-appeal counsel, and when petitioner actually mailed the original petition to this court. However, the court refrains from deciding this argument because petitioner's second argument for equitable tolling fails.

<u>Pace v. DiGuglielmo</u> forecloses petitioner's second argument. Petitioner's state habeas corpus petition was untimely under Nev. Rev. Stat. § 34.726(1), which states:

> Unless there is good cause shown for delay, a petition that challenges the validity of a judgment or sentence must be filed within 1 year after entry of the judgment of conviction or, if an appeal has been taken from the judgment, within 1 year after the appellate court of competent jurisdiction pursuant to the rules fixed by the Supreme Court pursuant to Section 4 of Article 6 of the Nevada Constitution issues its remittitur. For the purposes of this subsection, good cause for delay exists if the petitioner demonstrates to the satisfaction of the court:
>
> (a) That the delay is not the fault of the petitioner; and
>
> (b) That dismissal of the petition as untimely will unduly prejudice the petitioner.

From the start of petitioner's state habeas corpus proceedings, he recognized that he had a problem with the timeliness of the petition. In the space provided on the petition form, petitioner acknowledged that his state habeas corpus petition was late under § 34.726(1), and he argued why the state district court should find cause and prejudice to excuse the operation of § 34.726(1). Ex. 92, at 5-7 (ECF No. 24-16). If the state courts determined that the petition was inexcusably untimely, then a subsequently filed federal habeas corpus petition also would be untimely. This is what happened. The Supreme Court addressed this issue in Pace. "A prisoner seeking state postconviction relief might avoid this predicament, however, by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." 544 U.S. at 416. When petitioner knows from the start that he has a problem with the timeliness of his state habeas corpus petition, and when the Supreme Court has given a potential solution to that problem, and when petitioner does not try that potential solution, then petitioner was not acting with the diligence required for equitable tolling.[1]

Furthermore, no extraordinary circumstance prevented petitioner from litigating a petition in federal court while the state petition was pending. The very fact that petitioner was able to file a state petition shows that nothing was blocking him from this court.

The action is untimely, and the court will dismiss it.

---

[1] Although petitioner does not argue this point, it would do him no good to argue that a protective petition would have been futile because the statute of limitations already had expired. If petitioner had filed a federal petition simultaneously with the filing of the state petition, then he would have needed to argue for equitable tolling only from the finality of his judgment of conviction to when he learned that his direct appeal had concluded. By waiting until his untimely state habeas corpus proceedings had concluded, petitioner needed also to argue that the time spent on those proceedings also should be equitably tolled.

Respondents also argue that ground 5 of the first amended petition is procedurally defaulted. Ground 5 is a claim of ineffective assistance of counsel. Petitioner raised the same claim in his state habeas corpus petition. The state courts ruled that the petition was untimely under Nev. Rev. Stat. § 34.726. The court will not rule upon respondents' argument at this time because the court is dismissing the action in its entirety as untimely.

The court will not issue a certificate of appealability. Reasonable jurists could not debate that petitioner knew that he had a problem with the timeliness of his state habeas corpus petition, and thus with the timeliness of a federal habeas corpus petition. Reasonable jurists also could not debate that Pace gave petitioner a potential solution to the problem of timeliness, i.e., a protective federal petition filed simultaneously with his state petition. Finally, reasonable jurists could not debate that petitioner did not try that potential solution. Consequently, reasonable jurists could not debate that equitable tolling is unwarranted.

Respondents have filed a motion for waiver of compliance with LR IA 10-3 (ECF No. 26) and a motion for leave to exceed page limit (ECF No. 36). The court grants these motions.

IT IS THEREFORE ORDERED that respondents' motion for waiver of compliance with LR IA 10-3 (ECF No. 26) is **GRANTED**.

IT IS FURTHER ORDERED that respondents' motion for leave to exceed page limit (ECF No. 36) is **GRANTED**.

IT IS FURTHER ORDERED that respondents' motion to dismiss (ECF No. 20) is **GRANTED**. This action is **DISMISSED** with prejudice because it is untimely. The clerk of the court shall enter judgment accordingly and close this action.

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.

DATED: January 6, 2017

_____
Gloria M. Navarro, Chief Judge
United States District Court